## UNITED STATES SUPREME COURT.

WILLIAM H. SCUDDER, plaintiff in error, agt. THE UNION
NATIONAL BANK OF CHICAGO.

*Parol contract to accept a bill of exchange.*

Matters bearing upon the execution, the interpretation and the validity of
a contract are determined by the law of the place where the contract is
made.

Matters connected with its performance, are regulated by the law prevail-
ing at the place of performance.

Matters respecting the remedy, such as the bringing of suits, admissibility
of evidence, statutes of limitation, depend upon the law of the place
where the suit is brougnt.

A *parol promise* to accept a bill of exchange drawn and discounted in the
state of Illinois upon a firm residing and doing business in the state of
Missouri, is good and binding upon the drawees under the laws of the
state of Illinois.

*August,* 1876.

IN ERROR to the circuit court for the northern district of
Illinois.

Mr. justice HUNT delivered the opinion of the court.

The only serious question in the case is presented upon
the objection to the admission of evidence, and to the
charge of the judge. Upon the merits the case is this:
The plaintiff below sought to recover from the firm of Henry
Ames & Co., of St. Louis, Mo., the amount of a bill of
exchange of which the following is a copy, viz.:

"$8,125. CHICAGO, *July* 7, 1871.

"Pay to the order of the Union National Bank $8,125,
value received, and charge it to the account of Leland &
Harbach.

"To Messrs. HENRY AMES & Co., St. Louis, Mo."

By the direction of Ames & Co., Leland and Harbach had bought for them and, on the 7th of July, 1871, shipped to them, at St. Louis, 300 barrels of pork, and gave their check on the Union bank, to Hancock, the seller of the same, for $8,000. Leland & Harbach then drew the bill in question, and sent the same by their clerk to the Union Bank (the plaintiff below) to be placed to their credit. The bank declined to receive the bill unless accompanied by the bill of lading or other security. The clerk returned and reported accordingly to Leland & Harbach. One of the firm then directed the clerk to return to the bank and say that Mr. Scudder, one of the firm of Ames & Co. (the drawees), was then in Chicago and had authorized the drawing of the draft, that it was drawn against 500 barrels of pork that day bought by Leland & Harbach for them and duly shipped to them. The clerk returned to the bank, and made this statement to its vice-president, who thereupon, on the faith of the statement that the bill was authorized by the defendant, discounted the same, and the proceeds were placed to the credit of Leland & Harbach. Out of the proceeds the check given to Hancock for the pork was paid by the bank. The direction to inform the bank that Mr. Scudder was in Chicago and had authorized the drawing of the draft was made in the presence and in the hearing of Mr. Scudder and without objection by him. The point was raised in various forms upon the admission of evidence and upon the charge of the judge, whether, upon this state of facts, the firm of Ames & Co., the defendants, were liable to the bank for the amount of the bill. The jury, under the charge of the judge, held them to be liable, and it is from the judgment entered upon that verdict that the present writ of error is brought. The question is discussed in the appellant's brief, and properly, as if the direction to the clerk had been given by Scudder in person. The jury were authorized to consider the direction in his name, in his presence and hearing without objection by him, as made by himself.

The objection relied on is, that the transaction amounted, at most, to a parol promise to accept a bill of exchange then in existence. It is insisted that such a promise does not bind the defendants. The suit is to recover upon the alleged acceptance or upon the refusal to accept. Being in the state of Illinois and the contract having been made in that state, the judgment is to be given according to the law of that state. The law of the expected place of performance, should there be a difference, yields to the *lex fori* and the *lex loci contractus*. Matters bearing upon the execution, the interpretation and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought.

A careful examination of the well considered decisions of this country and of England will sustain these positions. There is no statute of the state of Illinois that requires an acceptance of a bill of exchange to be in writing, or that prohibits a parol promise to accept a bill of exchange. On the contrary, a parol acceptance and a parol promise to accept are valid in that state, and the decisions of its highest court hold that a parol promise to accept a bill is an acceptance thereof. If this be so, no question of jurisdiction or of conflict of law arises. The contract to accept was not only made in Illinois, but the bill was then and there actually accepted in Illinois as perfectly as if Mr. Scudder had written an acceptance across its face and signed thereto the name of the firm. The contract to accept the bill was not to be performed in Missouri. It had already by the promise been performed in Illinois. The contract to pay was, indeed, to be performed in Missouri, but that was a different contract from that of acceptance.